STATE ex rel. DININNY, City Attorney, v. CITY COURT OF SALT LAKE CITY.

No. 2199.   Decided February 1, 1911 (113 Pac. 1018).

MANDAMUS—ALTERNATIVE WRIT—EFFECT OF COMPLIANCE. A municipal judge having complied with an alternative writ of mandamus issued by the Supreme Court, by permitting the city attorney and his assistants to prosecute cases in his court, the Supreme Court will not review the previous denial of such permission. (Page 474.)

Mandamus proceeding by the State of Utah, on the relation of H. J. Dininny, City Attorney of Salt Lake City, against the city Court of Salt Lake City; *Hon. J. J. Whitaker,* Judge.

DISMISSED.

*P. J. Daly* and *S. P. Armstrong* for plaintiff.

*E. A. Walton* and *George Halverson* for defendant.

STRAUP, J.

Upon the application and affidavit of the city attorney of Salt Lake City, wherein it was averred that he and his assistants were wrongfully prevented and excluded by the judge of the city court from taking charge of and prosecuting cases, on behalf of the city in the city court, involving violations of city ordinances, an alternative writ of mandate was issued by us, commanding the judge to permit the city attorney and his assistants to appear and prosecute such cases, or show cause. The judge, on the service of writ, permitted the city attorney and his assistants to appear in the city court, and to take charge of and prosecute such cases on behalf of the city, and in answer to the writ alleged such facts in compliance with the mandate of this court. He further alleged matters and things showing his reasons for thereto-

fore preventing and excluding the city attorney and his assistants from taking charge of and prosecuting such cases in the city court. The judge, and in a way, also, the relator, notwithstanding such showing and such admitted averments of compliance, have, nevertheless, asked us to review and pass on the questions of justification and authority of the judge in so excluding and preventing the city attorney and his assistants, upon the alleged grounds, from taking charge of and prosecuting such cases on behalf of the city.

To properly dispose of this proceeding it is sufficient that the judge complied with the writ, and, in obedience to its requirements, granted the relator all that was commended, and all that he asked for by his application. We cannot see what further complaint the relator has, or what further defense the judge can make, except to have our judgment on a mooted question. The judge was commanded to do certain things *or* show cause. He did the things as commanded *and* showed cause. That is, he did the things as commanded, and so averred in his answer to the writ, which averments were admitted by the relator, and then also averred matters and things showing why he had, theretofore prevented the relator and his assistants from taking charge of and prosecuting cases on behalf of the city in the city court. Since it is thus made to appear that the judge has granted to the relator all that he claimed was denied him, this proceeding ought not to require any further judicial attention. It is therefore dismissed.

It is so ordered.

FRICK, C. J., and McCARTY, J., concur.